United States District Court
Southern District of Texas
ENTERED
March 14, 2017
David J. Bradley, Clerk

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

RANDALL JOWERS, §
TDCJ 1542631, §
    Plaintiff, §
v. § CIVIL ACTION H-13-3171
SARA ABKE, *ET AL.*, §
    Defendants. §

# Opinion on Dismissal

Randall Jowers filed a civil rights complaint. He is proceeding as a pauper. 28 U.S.C. § 1915. He was held in a Texas prison when he filed this case. Jowers sues prison doctors and nurses concerning his medical care. He sues Deer, Dr. Williams, Practice Manager Davis, Practice Manager Sarah Abke, Dr. Fausto Avila, Eugene Fontenot, Rosales, Dr. Jason Griffin, Valerie Johnson, Dr. Thomas Jones, Kim Kannenberg, Nurse Sharon Lockridge, Physical Therapist Giriraj Ravichandran, Jim Rosales, Valorie Sterner, Lisa Vatani, and Jason Griffin.

I. *Claims*

Jowers raises claims on medical care concerning his lower back and a skin condition. He contends the defendants were deliberately indifferent to these medical conditions and the pain he suffered. Jowers says his pain is severe and has worsened over time.

Jowers had eight back surgeries before entering prison. He states he cannot walk without assistance and he needs a wheelchair for mobility. Jowers says medical workers improperly evaluated his need for a wheelchair and wrongly decided he did not need a wheelchair. Other medical personnel prescribed treatment for his lower back. Jowers claims doctors diagnosed him with vascular claudication, or cramping, caused by impaired blood flow in his legs. The doctors recommended a CT Mylegram, a referral to the pain clinic for medication management, and prescriptions for Tylenol 3 and Robaxin.

Jowers states medical personnel transferred him to the Estelle Unit for physical therapy. He states a physical therapist in the prison told him there was nothing he could do for him until he had back surgery. The therapist, however, issued Jowers a back brace. The therapist also told Jowers he would contact a medical provider concerning his back condition. He says the therapist never contacted anyone about his back problems. Later, prison officials transferred him to the Pack Unit.

Jowers points out that after the transfer, a medical practitioner recommended back surgery for him. During a medical examination, Vatani told Jowers that the orthopedic specialist helping him did not recommend surgery. Jowers says medical employees stopped his physical therapy sessions despite the determination by specialists and the pain clinic that the therapy was appropriate.

The back surgeon who most recently saw Jowers told him that he would be in a wheel chair before he reached age fifty-five because his back condition would become progressively worse. Jowers states medical personnel denied him a wheelchair evaluation. He says Giriraj tried to downplay the severity of his physical condition by stating his gait and speed had improved. Jowers also maintains a doctor incorrectly characterized his medical condition during a physical examination. He claims the doctor said he was too mobile to qualify for an examination or therapy.

Jowers contends the doctors wrongly denied him Robaxin and Tylenol 3, which other medical personnel had prescribed. Doctors on the Pack Unit had been giving Jowers Robaxin, Tylenol, and Meloxicam. His next doctors stopped the Meloxicam and prescribed Ibuprofen for his back pain. Jowers maintains this change in his medicine subjected his liver to more damage. Doctors also prescribed noritriptlyline which Jowers says causes confusion and depression. He claims Abke and other medical personnel were deliberately indifferent in failing to carry out the treatment prescribed by Dr. Griffin and Dr. Jones.

Jowers states he repeatedly sent sick-call requests to Abke and Dr. Avila without results. He claims they denied him a wheelchair evaluation. Jowers contends Giriraj intentionally misstated his medical condition, including his gait, by saying it was much better than it actually was at the time.

Jowers maintains his physical therapist falsely described his condition. In support of this assertion, Jowers points to a radiologist's report from May 23, 2011, which shows a wedge compression of L3. Jowers states it also shows he suffers from lumbar stenosis, failed back syndrome, and "SI dysfunction." He points out that back specialists had earlier diagnosed him with lumbar stenosis. Jowers says doctors rated his pain eight on a scale of ten and they stated it was getting worse. He maintains these conditions are consistent with a degenerative back condition.

Jowers says Dr. Fontenot issued a wheelchair evaluation and prescribed treatment for him to be given by back specialists. He states Dr. Griffin, a back specialist, and Dr. Jones evaluated him on September 6, 2011. Jowers asserts both doctors diagnosed him with lumbar stenosis or failed back syndrome. The doctors recommended back surgery. On January 18, 2012, PA Vatani told Jowers that the orthopedic specialist had recommended surgery. Jowers claims Giriraj was deliberately indifferent because he denied

him physical therapy based on the surgery that the orthopedic specialist recommended but had not yet been performed.

Jowers claims PA Rosales was deliberately indifferent because he mis-characterized his condition during a sick call exam. Rosales did this by stating Jowers is too mobile to need a wheelchair and does not qualify for an examination. Jowers says medical personnel improperly denied him a wheelchair evaluation. He maintains the physical therapist intentionally mis-characterized his condition concerning a "wedge compression" of spinal segment L3. Jowers contends he has complained about the denial of medical care for his back condition since 2008.

Jowers states his storage locker is welded to his bed at ground level. He contends his medical restrictions prevent him from bending at the waist and squatting. Jowers states that because his locker is welded at ground level he is not able to stoop low enough to open his locker. Jowers maintains he is subject to disciplinary charges for failing to properly store his property. He states prison officials have repeatedly denied him alternate housing with an accessible storage locker. Jowers maintains prison officials are deliberately indifferent to his health and safety concerning the location of his locker.

Jowers says there was a conflict of interest between the orthopedic specialists and his therapy provider. He states one prison doctor treating him recommended back surgery. On January 18, 2012, PA Vatani said that the orthopedic doctor did not recommend surgery. The prison doctors stopped Jowers's physical therapy. Jowers maintains Giriraj was deliberately indifferent in denying physical therapy for him based on surgery that an orthopedic specialist had recommended but that had not been performed.

Jowers contends that prison medical personnel, including Dr. Jones, Dr. Ravichandran, Dr. Griffin, PA Sterner, and PA Johnson, were incorrect in many of their medical determinations and acted wrongly. He maintains they were deliberately indifferent concerning his medical conditions and the pain he suffered.

II. *Analysis*

The standard in medical care claims is "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Negligence and gross negligence are insufficient for constitutional liability. *Hare v. City of Corinth, Ms.*, 74 F.3d 633, 645 (5th Cir. 1996). Jowers's allegations show doctors and other medical practitioners examined and treated Jowers for various medical conditions. Jowers maintains he did not receive all of the treatment that prison medical personnel prescribed or recommended. He says he did not receive treatment for every condition he raised nor did he receive all of the treatment that the various medical personnel recommended. His contentions boil down to disagreements Jowers had with medical personnel and disagreements among the doctors over the need for particular treatments.

The disagreements among the medical personnel do not show deliberate indifference. Jowers does not raise facts which show that the doctors or other medical personnel purposely or intentionally mis-characterized the conditions of his skin and lower back. That some medical personnel did not follow the recommendations of other practitioners shows a disagreement, not deliberate indifference. Jowers does not raise facts which show deliberate indifference concerning his skin conditions, his lower back, or any other medical problems. Jowers does not raise any allegations which show gross negligence or deliberate indifference concerning his lower back and skin condition.

Jowers does not raise facts which show that in prescribing Noritriptyline, which he claims may cause confusion and depression, the doctor was deliberately indifferent to Jowers's conditions. Providing a patient the wrong medicine is malpractice, not deliberate indifference. His claims concerning his lower back raise negligence or possibly gross negligence. Jowers's allegation that Rosales mis-characterized his lower back condition does not show deliberate indifference. An incorrect diagnosis may be negligence or possibly gross negligence. Also, mistakenly providing the wrong treatment or medication to a patient is at most gross negligence. Jowers does not raise deliberate indifference in his claims.

A plaintiff claiming deliberate indifference must show that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly show a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Jowers has not alleged or shown this kind of behavior by prison health care workers. Jowers does not raise specific factual allegations on his lower back problems or his skin condition which show deliberate indifference. Moreover, his claims and allegations show the absence of deliberate indifference because doctors and nurses saw and treated him often.

Jowers fails to raise facts showing deliberate indifference by doctors and nurses concerning Jowers's skin condition and lower back problems. Jowers does not raise any facts which show a refusal to treat him or facts showing that any medical personnel intentionally ignored his medical complaints. The pleadings show Jowers and the prison medical providers disagreed over whether some of his medical conditions require any treatment or more treatment than medical personnel provided him. Jowers's claims boil down to disagreements between him and the prison doctors concerning his medical needs.

Jowers has not raised facts showing deliberate indifference to his medical needs. His disagreement with the medical decisions on providing treatment for his different conditions does not state a claim for deliberate indifference under the Eighth Amendment. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. (1999). To succeed on a claim of deliberate indifference a plaintiff must show that a defendant "refused

to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino*, 239 F.3d, at 756.

Jowers's claims and factual allegations show medical personnel examined him and evaluated his medical conditions. His papers show doctors and nurses saw Jowers often for his back problems and skin problems. Jowers's allegations show that medical personnel treated him for his medical conditions. His allegations do not show that any defendants refused to treat him, ignored his medical conditions or purposely treated him incorrectly. Jowers allegations and claims do not show deliberate indifference by the defendants. *Id.*

III. *Conclusion*

Jowers's claims and allegations do not raise any facts which show deliberate indifference to his medical conditions. Jowers does not show constitutional violation. Jowers fails to state a claim recognized at law. This case will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

Signed March 14, 2017, at Houston, Texas.

Lynn N. Hughes
United States District Judge